IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Buford Scott Danford,<br><br>                    Petitioner,<br><br>v.<br><br>Charles L. Ryan, et al.,<br><br>                    Respondents. | No. CV-15-00379-PHX-DJH<br><br>**ORDER** |

      This matter is before the Court on Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) (the "Petition") and the Report and Recommendation ("R&R") issued by United States Magistrate Judge Michelle H. Burns (Doc. 23). The R&R explains that Petitioner was directed in the Screening Order (Doc. 8) to file and serve a notice of change of address, if applicable, in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner was warned that if he failed to comply with the provisions in the Screening Order, the action would be dismissed pursuant to Fed.R.Civ.P. 41(b).

      As further explained in the R&R, the docket for this case reflects that mail sent to Plaintiff on June 1, 2015 was returned as undeliverable because Petitioner failed to notify the Court of a new address. Judge Burns then issued an Order (Doc. 21) on June 17, 2015, giving Petitioner ten days to either file a notice of change of address, or show cause why the case should not be dismissed for failure to prosecute. Petitioner did not respond to the Order, nor has he otherwise communicated with the Court. Because it appears

1  Petitioner has abandoned his claims, Judge Burns recommends that the Petition be
2  dismissed for failure to prosecute and that Respondents' motion to dismiss be denied as
3  moot.

4  Judge Burns advised the parties that they had fourteen days to file objections and
5  that the failure to file timely objections "may result in the acceptance of the Report and
6  Recommendation by the district court without further review."  (Doc. 23 at 2) (citing
7  *United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*)).  The
8  parties have not filed objections and the time to do so has expired.  Absent any
9  objections, the Court is not required to review the findings and recommendations in the
10 R&R.  *See Thomas v. Arn*, 474 U.S. 140, 149 (1989) (The relevant provision of the
11 Federal Magistrates Act, 28 U.S.C. § 636(b)(1)(C), "does not on its face require any
12 review at all . . . of any issue that is not the subject of an objection."); *Reyna-Tapia,* 328
13 F.3d at 1121 (same); Fed.R.Civ.P. 72(b)(3) ("The district judge must determine de novo
14 any part of the magistrate judge's disposition that has been properly objected to.").

15 Nonetheless, the Court has reviewed the R&R and agrees with its findings and
16 recommendations.  The Court will, therefore, accept the R&R and dismiss the Petition.
17 *See* 28 U.S.C. § 636(b)(1)(C) ("A judge of the court may accept, reject, or modify, in
18 whole or in part, the findings or recommendations made by the magistrate judge.");
19 Fed.R.Civ.P. 72(b)(3) (same).

20 Accordingly,

21 **IT IS ORDERED** that Magistrate Judge Burn's R&R (Doc. 23) is **accepted** and
22 **adopted** as the order of this Court.

23 **IT IS FURTHER ORDERED** that the Petition for Writ of Habeas Corpus
24 pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED** pursuant to Fed.R.Civ.P. 41(b) for
25 failure to prosecute.

26 **IT IS FURTHER ORDERED** that Respondents' Motion to Dismiss (Doc. 19) is
27 **DENIED as moot**.

28 **IT IS FINALLY ORDERED** that the Clerk of Court shall terminate this action

and enter judgment accordingly.

Dated this 17th day of July, 2015.

_____
Honorable Diane J. Humetewa
United States District Judge